## SUTTON v. PLAZA HOTEL CO. et al.
### No. 9695.

Court of Civil Appeals of Texas.
San Antonio.
Jan. 22, 1936.

Rehearing Denied Feb. 19, 1936.

Herman G. Nami and Frank Vaughan, both of San Antonio, for plaintiff in error.

Douglas N. Lawley and Dodson & Ezell, all of San Antonio, for defendants in error.

MURRAY, Justice.

This is a damage suit by Mrs. Carla S. Sutton against the Plaza Hotel, a private corporation, wherein plaintiff in error, Mrs. Carla S. Sutton, seeks to recover her damages from defendant in error hotel, on the grounds that defendant in error acting by and through its assistant manager, procured and caused her false arrest and detention.

The trial was to a jury, but the trial judge, at the close of the testimony, instructed a verdict in favor of the Plaza Hotel, and from the resulting judgment Mrs. Carla S. Sutton presents this appeal.

There is but one question raised by the appeal and that is whether or not the evidence was sufficient to raise questions of fact which should have been submitted to the jury.

The evidence shows that Mrs. Sutton cashed two drafts at the Plaza Hotel, which were not paid in due course. Dan Hudson, assistant manager, wrote and mailed a letter to Mrs. Sutton telling her if the drafts were not paid at once he would use other means to collect them. Shortly thereafter he telephoned the detective headquarters of the city of San Antonio and asked for a detective. One A. W. Herbst, a city detective, answered this call. Hudson delivered the two unpaid drafts to Herbst with the statement that he had been unable to collect them. The detective took the two drafts and, in company with another city detective, one Jones, went to the St. Anthony Hotel, where Mrs. Sutton was residing, and called her room over the house telephone. In response to this call Mrs. Sutton came down to the hotel lobby. Herbst then told her he was in possession of the two Plaza Hotel drafts and asked her to accompany him to the police headquarters, which she agreed to do. When they arrived at the headquarters, Herbst telephoned Dan Hudson and asked him to come to the headquarters, which he did. Hudson talked to Mrs. Sutton for some time. He told her he wanted his money, that he had waited long enough. Mrs. Sutton remarked that she had told him to send the drafts to her sister in Oklahoma, and that she would pay them. Ultimately, Hudson stated to Herbst that he could get no satisfaction from talking to Mrs. Sutton. Herbst replied: "Well, the only thing I can do is make a card on it." Herbst then turned Mrs. Sutton over to the police matron and a complaint was made before the county attorney. Mrs. Sutton's sister wired the money to pay the drafts to the manager of the hotel and Mrs. Sutton was released, after being in custody for approximately one day. Later the charges against her

614

were dismissed. Herbst, who was called to the witness stand by Mrs. Sutton, testified that Hudson did not tell him to arrest Mrs. Sutton, but that he, Herbst, did so in the exercise of his own judgment.

The evidence not only fails to show that Mrs. Sutton's arrest and detention were caused and procured by the assistant manager of the hotel, but it affirmatively shows that her arrest was not so caused and procured.

Plaintiff in error contends that the evidence was sufficient, as circumstantial evidence, to raise an issue of fact for the jury to decide. The evidence in the case of Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059, was much stronger than in the case at bar, yet the Supreme Court of this state, speaking through Justice Denman, held that the most favorable light that could be placed upon the evidence in that case was that it raised a mere surmise, or suspicion, that Joske requested or directed the arrest of Irvine.

We conclude that the trial court properly instructed the jury to return a verdict in favor of the Plaza Hotel and, accordingly, the judgment will be affirmed.